Citation Nr: 1702640 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 09-41 251 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for a low back disability, including as secondary to service-connected residuals of left tibia and fibula fractures.

2. Entitlement to a disability rating in excess of 10 percent for residuals of left tibia and fibula fractures.


REPRESENTATION

Appellant represented by: Charles L. Holsworth, Attorney


ATTORNEY FOR THE BOARD

R. Williams, Counsel



INTRODUCTION

The Veteran had active naval service from October 1976 to October 1980.

This case comes before the Board of Veterans' Appeals (Board) on appeal from April 2007 and October 2008 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

The Veteran testified before a Decision Review Officer (DRO) during a February 2009 hearing. A transcript is associated with the record. 

The Veteran requested Board hearings in his October 2009 and October 2010 substantive appeals. He, however, cancelled his requests through his representative in a January 2011 letter; therefore, the requests are deemed withdrawn. 38 C.F.R. § 20.704 (e) (2016).

The Board notes that the Veteran was granted a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) in a December 2004 rating decision. 

The Board previously remanded the Veteran's claims for additional development in May 2012 and July 2014. A claim of service connection for a right knee disability was also remanded previously; the Agency of Original Jurisdiction (AOJ) granted that benefit on remand in an April 2016 rating decision and it is therefore no longer on appeal before the Board.

The Board has reviewed the physical and Virtual VA and Veterans Benefits Management System (VBMS) electronic claims files. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.



REMAND

Unfortunately, another remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to afford the Veteran every possible consideration.

Pursuant to the July 2014 Board remand, the Veteran underwent a VA examination in December 2015 in order to assess the severity of his left knee disability. The Board finds that the December 2015 VA examination is inadequate for rating purposes. Specifically, VA regulations provide that joints should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing. 38 C.F.R. § 4.59. While the VA examiner recorded the Veteran's range of motion, the report does not specifically state whether testing in accordance with this VA regulation was performed, and is therefore ambiguous on whether this level of testing was done. In light of the deficiency, another VA compensation examination is needed.

Additionally, it does not appear that the Veteran was scheduled for a VA examination to address the etiology of his claimed low back disability to include whether such was caused or aggravated by residuals of left tibia and fibula fractures, as requested in the July 2014 Board remand directives. As such, another remand of this matter is needed to ensure compliance with the Board's prior remand directives. See Stegall v. West, 11 Vet. App. 268 (1998). Further, in light of the grant of service connection for a right leg disability and the Veteran's contentions regarding his altered gait affecting his back, the examiner is also asked to opine as to whether the Veteran's claimed low back disability is caused or aggravated by his now service-connected right leg disability.

The Board notes that prior July 2008 and July 2012 VA examination reports provide opinions regarding whether the Veteran's claimed low back disability is related to his left knee disability. However, the examination reports were deemed inadequate. Furthermore, no examiner has adequately addressed the Veteran's contentions that his low back disability began in service. Specifically, the Veteran stated that he injured his back in service including when unloading supplies in 1978 and from the 1976 car accident that broke his leg. See July 2012 VA Back examination report. As such, an addendum examination with opinion is needed in this regard as well. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (finding that where VA provides the veteran an examination in a service connection claim, even if not statutorily obligated to do so, the examination must be adequate).

As the claim is being remanded, the claims file should also be updated to include VA treatment records compiled since August 2015. See 38 C.F.R. § 3.159 (c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the record any outstanding VA treatment records from August 2015 to the present. If any records cannot be obtained after reasonable efforts have been made, notify the Veteran and allow him the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A (b)(2) and 38 C.F.R. § 3.159 (e).

2. Then schedule an appropriate VA examination in order to determine the current severity of the service-connected residuals of left distal tibia and fibula fractures. The Veteran's entire record should be made available for review by the examiner in conjunction with the examination and this fact should be noted in the accompanying medical report.

All indicated tests and studies should be conducted. Following an examination of the Veteran and a review of the entire record, the examiner is asked to answer the following:

Are there any symptoms of giving way associated with the residuals of left distal tibia and fibula fractures analogous to, or do these symptoms more closely approximate, lateral instability or recurrent subluxation? 

The VA examiner should test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing for the left knee joint in question and the paired right knee joint. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. 

With respect to the residuals of left distal tibia and fibula fractures, is there any additional functional loss attributable to pain, weakness, fatigue, or incoordination associated with the disability, to include any loss of range of motion due to pain or during flare-ups? The examiner should express the additional functional limitation in terms of the degree of additional limitation of motion due to weakened movement, excess fatigability, incoordination, flare-ups, or pain. 

If any of the opinions requested above cannot be given without resorting to mere speculation, the VA examiner should state so and further provide a reason for such conclusion. 

3. Then schedule the Veteran for an appropriate examination to determine the nature and etiology of his claimed low back disability. The Veteran's entire record should be made available for review by the examiner in conjunction with the examination and this fact should be noted in the accompanying medical report.

Following an examination of the Veteran and a review of the Veteran's service treatment records, lay statements, and post-service treatment records, the examiner is asked to answer the following:

(a) Is it at least as likely as not (a 50 percent or greater probability) that any low back disability present at any point after the Veteran's November 2006 claim is etiologically related to his active service, to include being hit by a motor vehicle while walking in February 1977, and falling on his mid back in February 1978? Is it at least as likely as not (i.e., 50 percent or greater probability) that any diagnosed arthritis manifested within one year of the Veteran's period of active service? The examiner should specifically address the Veteran's in-service complaints, diagnoses, and treatment regarding his spine. 

(b) Is it at least as likely as not (a 50 percent or greater probability) that any low back disability present at any point after the Veteran's November 2006 claim is proximately due to the Veteran's service-connected residuals of left distal tibia and fibula fractures and/or right knee disability? 

(c) Is it at least as likely as not (a 50 percent or greater probability) that any low back disability present at any point after the Veteran's November 2006 claim is chronically aggravated (worsened beyond its natural progression) by the Veteran's service-connected residuals of left distal tibia and fibula fractures and/or right knee disability?

Please provide the basis for any diagnoses and a complete medical rationale for any opinions. If medical literature is used, please provide a citation.

Any opinions MUST consider the Veteran's reports regarding the onset and duration of his symptoms and his reports in August 2012 and August 2013 VA treatment records of callouses on his left foot.

If any of the opinions requested above cannot be given without resorting to mere speculation, the VA examiner should state so and further provide a reason for such conclusion. 

4. Next, review the record to ensure that the foregoing requested development has been completed. In particular, review the VA examination report(s) to ensure responsiveness to and compliance with the directives of this remand, and if not, implement corrective procedures. See Stegall v. West, 11 Vet. App. 268 (1998). 

5. If the benefits sought on appeal are not granted to the Veteran's satisfaction, the Veteran and his representative should receive a Supplemental Statement of the Case and an opportunity to respond. If necessary, the case should then be returned to the Board for further appellate action.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).